JOHN M. WHITE and CHRISTIE M. WHITE, Plaintiffs

v.

ISLAND INTERIORS, INCORPORATED, Defendant

Civil No. 36-1960

Municipal Court of St. Thomas and St. John

June 27, 1961

HARRY DREIS ESQ., Charlotte Amalie, Virgin Islands, *for plaintiffs*

BIRCH and MADURO, Charlotte Amalie, Virgin Islands (EVERETT BIRCH, ESQ., OF COUNSEL), *for defendant*

MICHAEL, *Municipal Judge*

This is an action for breach of a contract, a lease, and for monies due and owing. The evidence shows that some time in February or March of 1959, plaintiffs and defendant were negotiating for the leasing of certain premises located in Christiansted, St. Croix, Virgin Islands, and that during March or early April of the same year plaintiffs submitted a proposed lease to the defendant, the second paragraph of which provides as follows:

"WITNESSETH: The Lessors do hereby lease unto the Lessee, and the Lessee does hereby hire from the Lessors the following described premises, to wit: The second floor front apartment in

316

the AY AY Building on Company Street, Christiansted, St. Croix, Virgin Islands for the term of five (5) years, commencing on the 1st day of May, 1959 and ending on the 30th day of April, 1964, at the yearly rental of THREE THOUSAND TWO HUNDRED AND TWENTY ($3,220.00) DOLLARS to be paid as follows: The last three (3) months rent of the term amounting to $555.00 has been paid on the execution of this lease, the receipt whereof is hereby acknowledged. $185.00 shall be paid on May 1st, 1959 and a like sum monthly thereafter on the first day of each month up to and including October 1st, 1963. On June 1st, 1959 the Lessee shall pay an additional sum of $555.00 representing the rent for the months of November, December, 1963 and January, 1964."

Before returning the proposed draft submitted by plaintiffs, defendant changed the above paragraph to read as follows:

"WITNESSETH: The Lessors do hereby lease unto the Lessee, and the Lessee does hereby hire from the Lessors the following described premises, to wit: The second floor front apartment in the AY AY Building on Company Street, Christiansted, St. Croix, Virgin Islands for the term of five (5) years, commencing on the 1st day of May, 1959 and ending on the 30th day of April, 1964, at the yearly rental of THREE THOUSAND TWO HUNDRED AND TWENTY ($3,200.00) DOLLARS to be paid as follows: Six months rent at ONE HUNDRED EIGHTY-FIVE ($185.00) DOLLARS per month to be paid in advance, due on May 1, 1959, representing the months of May, June, July, August, September and October of the year 1959. On November 1, 1959, the sum of ONE HUNDRED EIGHTY-FIVE ($185.00) DOLLARS shall be paid and will continue to be paid on a monthly basis until such time as said lease expires ending on the 30th day of April, 1964."

Defendant also made other changes, and noted at paragraph No. 17 that the clause was not understood. The clause referred to concerns lessee's liability for deficiency in event of forced release. However, these other changes are not pertinent to the case, as neither party in their discussions nor correspondence made any reference to them.

After making the changes mentioned, defendant signed the lease, as changed, on April 8, 1959, and returned it to

plaintiffs. Plaintiffs did not sign nor deliver the lease as changed to defendant.

According to oral agreement and incorporated in the proposed lease, the defendant was to occupy the premises from March 7, 1959, free of rent, until May 1, 1959, when the first month's rent would fall due, and in return for this concession defendant was to decorate, at its own expense, the interior of the premises. It was also orally agreed and incorporated in the lease that plaintiffs were to repair and decorate the bathroom.

Some time after the lease was returned to plaintiffs by defendant, between April and May, there was a telephone conversation between the parties, resulting in the sending of a check by defendant to plaintiffs in the amount of $555.00, covering three months rent. Defendant also promised to send the other three months' rent about the 1st of June, 1959. There is no evidence, however, that during this conversation any reference was made by either party to the manner of payment as changed by defendant.

In August of the said year, plaintiffs received another check in the amount of $185.00 from defendant. Upon receipt of this check, August 12, plaintiffs wrote defendant acknowledging it, as follows (Def's Ex. No. 1):

"Box 645 - Christiansted, St. Croix
U.S., Virgin Islands
12 August 1959

"Dear Mrs. Smith —

"I received your check this morning for the August rent which I am holding until things are straightened out — According to our lease you were to pay me the first 3 months and the last 3 in advance — Two days before I left on vacation you called me and at that time I agreed to install a few electric outlets at my expense and to give you until the 1st of June on the last 3 months rent provided you sent me the first 3 months immediately which you did — I have not received the last 3 months rent and therefore I have done no more work over there as I did not know if you were serious or not — If you backed out of the deal I was going to take that bath room out entirely.

318

"I turned the whole thing over to my lawyer two days ago as I figured the added expense of doing over that part of the building for a different type business or an apartment at this late date will be quite expensive — I would have planned the plumbing and many other details differently if you had not leased it — I would also be losing several months rent — I will however tell the lawyer to wait until I hear from you — If you put up the last 3 months I will go ahead with the bath repair and electric outlets right away — There is a lot of work over here and you should get started.

"Best Regards —
John White"

By this letter of plaintiffs, it is clear that they did not accept defendant's change in the lease with respect to the manner of payment as above indicated.

On August 31, 1959, defendant wrote the following in reply (Def's Ex. No. 2):

"31 Aug., 1959

"Dear Mr. White:

"Several misunderstandings appear to have stemmed from our conversation in Ann Bronson's office several months ago.

"As you have not returned the signed copy of the lease, I am naturally somewhat uncertain as specific obligations on either side.

"It was however, never our intention to pay six months rent in advance, that is, three months in advance and three months to be applied to the final months of the lease. To my knowledge this arrangement was corrected in the lease which we signed and returned to you for signature.

"All the improvements which were agreed upon up to the time of your departure for California had not been started let alone completed, therefore causing a serious holdup and deferment of a definite opening date.

"On our return to St. Croix in mid May, this work had still not been done, nor was there any lock on the door so that we could secure several shipments which had already arrived on the island and on which we are still paying storage at the R. L. Merwin Co.

"Even after your return to St. Croix work did not go forward, yet to date, having accepted $740.00 (seven hundred and forty dollars) or four months in advance, you still question our sincerity.

"The only equitable solution as far as we can see would be for you to go ahead and complete your part of the renovation. The rent then to start as of September 1, 1959.

"Best Regards,

Mrs. Robinson Smith"

In considering the evidence as presented, and corroborated by the above correspondence, there is no doubt that plaintiffs had been expecting and demanding payment of rent in the manner proposed in the lease as submitted by them, and not in the manner as changed by defendant. Moreover, not having received the rent in this manner, plaintiffs did no more work on the premises, the subject of the lease. As stated by plaintiffs, in the above quoted letter, "I have not received the last 3 months rent and therefore I have done no more work . . . " While plaintiffs' expressed reason for failing to repair does not change the relationship between the parties, it confirms the fact that there was no acceptance of the change in manner of payment made by defendant.

It is evident to the court, therefore, that up to August 31, 1959, several months after the lease was to become effective, there was not a "meeting of the minds" of the parties with respect to the manner payment of rent was to be made. Plaintiffs' failure to sign the lease until December 12, 1959, when they decided to institute action against defendant for breach of the lease, seems to add weight to this lack of mutuality.

■ To create a valid lease the essential points of mutual agreement which are necessary are: (1) description of the premises; (2) definite and agreed term; (3) an agreed rental, and (4) the time and manner of payment. Linnard v. Sonnenschein 272 Pac. 315; Levin v. Saroff, 201 Pac. 961.

■ Because there was no mutual agreement between the parties on one of the essential points of the lease, the time and manner of payment (compare plaintiffs' with defen-

dant's manner of payment above), it appears to the court that the lease, as such, is unenforceable. This is so even though the parties, in referring to the document, used such terms as "our lease", "the lease", etc.

■ Notwithstanding the lease was not enforceable, it is the opinion of the court that a landlord and tenant relationship between the parties, by their actions, had been created by operation of law. 32 Am. Jur., Landlord and Tenant § 51, p. 71.

"When a tenant is put in possession of property under a lease which is unenforceable under the statute of frauds, or which passes no estate for any statutory *or other reason* (emphasis supplied), he is, nevertheless, lawfully in possession and holds as some sort of tenant . . . " Darling Shops Del. Corp. v. Baltimore Center Corporation. 6 A.L.R.2d 677, 680.

By the actions of the parties there was an intention to enter into a lease: (1) there was a meeting of the minds in every important provision of the lease save the manner rent was to be paid; (2) the plaintiffs evicted a tenant in order to make the premises available to defendant, even before rent was to become due; (3) in May when defendant made its first payment of $555.00, it was paid and received by the parties as rent for three months at $185.00, the monthly payment mentioned in the lease; and (4) defendant not only paid rent, but subsequently occupied the premises by storing merchandise therein. (See Plfs' Ex. No. 3a and Def's Ex. No. 3.) Although the evidence shows that defendant did not make much use or the intended use of the rented premises because certain things were not done by plaintiffs, this fact did not change or affect the relationship of landlord and tenant, for the repairs or work which the plaintiffs had agreed to do was not made a condition precedent.

■ While the lease was unenforceable for the reason

321

above stated, it is the opinion of the court that a month to month tenancy was created, the rental reserved being in fact on a monthly basis. 32 Am. Jur., Landlord and Tenant § 53, p. 72; Sidney H. Wineburgh v. Toledo Corp. 81 [82] A.L.R. 1315; Darling Shops Del. Corp. v. Baltimore Center Corporation, supra.

With respect to the termination of the tenancy, it appears to the court that defendant indicated its intention to vacate the premises, which must have been obvious to plaintiffs, by letter of its agent to plaintiffs dated Sept. 29 (Plfs' Ex. No. 3a). The letter reads as follows:

"ISLAND INTERIORS, INC.

"St. Thomas, Virgin Islands
Post Office Box 1053
Sept. 29th

"Dear Mr. White

"Mrs. Smith is in the states. Mr. Miller, the bearer of this note is authorized to remove the merchandise now stored in the Island Interior Shop.

"Sincerely
Robinson Smith"

This letter was written in St. Thomas to the plaintiffs in St. Croix. While the evidence does not show when it was mailed or received, it is safe to assume that plaintiffs received it not later than early October, a couple of days after it was written. This being the case, defendant was in legal possession or occupancy until October.

It also appears that plaintiffs realized that defendant was vacating the premises, for on October 22, 1959 their attorney wrote to the defendant's attorney stating, among other things, that if plaintiffs did not hear from defendant within a week they will be forced to take action to enforce

the lease. Action was not filed, however, until March 14, 1960.

■ As a defective or unenforceable lease does not give rise to any liability for the stated rent for the term named in the lease, when defendant impliedly and constructively vacated the premises in October, there was no breach of the lease, and therefore was not liable to the plaintiffs for rent which accrued after. 32 Am. Jur., Landlord and Tenant, § 44, p. 63; Wineburgh v. Toledo Corp., supra.

The court is in agreement with the principles of law enunciated in plaintiffs' well prepared brief with respect to the statute of frauds, but they are not dispositive of the case at bar.

In accord with the above, defendant's motion to dismiss plaintiffs' action will be denied and its counterclaim dismissed. Judgment will be entered in favor of plaintiffs in the amount of $370.00 for unpaid rent of September and October 1959, plus $23.00 for food and services, which debt was admitted by defendant, and attorney's fee in amount of $65.00 and costs.